IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JAMES ANTHONY WHITE**                                       **PLAINTIFF**

**v.**                      **CIVIL ACTION NO. 1:22-cv-177-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                       **DEFENDANT**

## ORDER

This matter is before the court on Plaintiff's complaint [1] for judicial review[1] of the Commissioner of the Social Security Administration's denial of an application for Supplemental Security Income ("SSI"). The undersigned held a hearing on August 22, 2023 [17]. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments

---

[1] The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).
       Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and that said decision should be affirmed.

## I.     Statement of the Case

Plaintiff protectively filed an application in this matter on January 20, 2021. Doc. 8 at 15. He was 51 years old at that time. The application was denied at the initial and reconsideration levels and Plaintiff filed a timely request for a hearing. The Administrative Law Judge (hereinafter "ALJ") held this hearing telephonically on April 12, 2022. The ALJ then issued an Unfavorable Decision in this cause on April 27, 2022. Doc. 8 at 12. This case was then appealed to the Appeals Council, and the Appeals Council issued a Notice of Appeals Council action on October 4, 2022, thereby affirming the Unfavorable decision of the ALJ. Doc. 8 at 6.

The ALJ evaluated Plaintiff's claims pursuant to the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of January 20, 2021. Doc. 8 at 17, Finding 1. At step two, the ALJ ruled that Plaintiff had the following severe impairments: disorders of the lumbar spine, chronic heart failure (CHF), history of cerebral vascular accident (CVA), hypertension (HTN), depressive disorder (20 CFR 416.920(c)). Doc. 8 at 17, Finding 2. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings). Doc. 8 at 18-20, Finding 3.

The ALJ then assessed the Plaintiff's RFC and found that: Plaintiff retained the ability to perform light work with the following additional restrictions: no climbing ladders, ropes, or scaffolds; no more than occasionally stooping, crouching, kneeling, crawling, or climbing ramps or stairs; avoiding work hazards such as unprotected heights or hazardous moving machinery; work with simple instructions and simple routine tasks; no more than occasional interaction with

supervisors and coworkers; no interaction with the general public; and simple infrequent, and gradually introduced workplace changes. Doc. 8 at 20-24, Finding 4.

At step four, the ALJ found that Plaintiff had no past relevant work. Doc. 8 at 24. At step five, the ALJ found that Plaintiff retained the ability to perform work in the national economy, as identified by VE McDaniel. Doc. 8 at 24-25.

## II. Issue on Appeal

On this appeal, Plaintiff asserts the ALJ did not explain how he considered the supportability and consistency factors in arriving at his assessment of the persuasiveness of the opinions of Drs. Savell and Massey. In particular, the plaintiff takes issue with the following findings of the ALJ:

> Dr. Savell noted the claimant would have trouble with memory and concentration in a job. The undersigned allowed for the necessary restrictions in the RFC. The undersigned also notes on exams throughout the records that the claimant did not have more than moderate mental limitations. Dr. Savell also noted that claimant has not had any formal mental health treatment. The undersigned finds the assessment somewhat persuasive. (Doc. 8 at 23/634).
>
> The undersigned finds Dr. Massey's opinion is generally consistent with the record evidence and for the most part generally persuasive. However, the records does not support limiting the claimant to lifting/carrying, and pushing/pulling only 10 pounds. He strength is 5/5 in the bilateral upper and lower extremities, including grip. No atrophy was noted. He could hold objects securely and grasp and manipulate objects. (Doc. 8 at 23-24/634).

The plaintiff complains generally that ALJ's analysis of these medical opinions are "confusing and fail to create a discernable 'logic bridge' between the evidence and the ALJ's persuasiveness finding."

## III. Discussion

With respect to the ALJ's assessment of Dr. Savell's opinion in particular, Plaintiff argues that because the VE testified that there would be no work for an individual who could

only sustain attention, concentration, and persistence on task for one-hour periods throughout an eight-work workday, the plaintiff should have been found disabled. But, of course, in this case, there is no substantial evidence to support a finding that plaintiff could only sustain attention, concentration, and persistence on task for one-hour periods. On the contrary, as the ALJ logically explained, on exams throughout the records, the claimant did not have more than moderate mental limitations and had no formal mental health treatment. Moreover, the ALJ did incorporate into Plaintiff's RFC the following limitations logically associated with attention and concentration: work with simple instructions and simple routine tasks; no more than occasional interaction with supervisors and coworkers; no interaction with the general public; and simple infrequent, and gradually introduced workplace changes.

With respect to the opinion of Dr. Massey, Plaintiff concedes the ALJ considered the factors required by the regulation for evaluating medical opinions, but he complains that the ALJ "bizarrely found the opinion generally persuasive while dismissing the aspect of the exam that supports a favorable decision on behalf of Plaintiff." Doc. 8 at 23/634. This alleged "bizarreness" according to Plaintiff, runs afoul of the standard explained in *Cooley v. Comm'r of Social Security*, 587 F. Supp. 3d 489 (S.D. Miss. 2021), and *Clay v. Kijakazi*, 2022 WL 13989015 (N.D. Miss. 2022), that there be a discernible logic bridge between the persuasiveness of the findings and the evidence of record. In particular, in this case, the plaintiff complains that the ALJ did not adopt Dr. Massey's 10 pounds lifting/carrying and pushing/pulling restriction. But, as the ALJ logically explained, that restriction was inconsistent with and unsupported by Dr. Massey's own assessment of Plaintiff's strength at 5/5 in the bilateral upper and lower extremities, including grip, no atrophy, and ability to hold objects securely and grasp and manipulate objects. Doc. 8 at 23-24/634.

In this case, I find the ALJ's evidentiary choices logical rather than confusing. First, Dr. Savell's non-specific opinion that Plaintiff would "have problems" with memory and concentration was credited to the extent it was supported by the record, with the result of limiting Plaintiff to simple work tasks and limited personal interaction; and second, Dr. Massey's opinion that Plaintiff could lift and carry no more than 10 pounds was found to lack support in Dr. Massey's own clinical observations of Plaintiff. In short, the ALJ's findings are supported by substantial evidence of record and the decision is affirmed.

## Conclusion

For the reasons stated above, the Court finds that the ALJ's April 27, 2022, decision is affirmed.

**SO ORDERED** this, the 31st day of August, 2023.

/s/ Jane M. Virden
**United States Magistrate Judge**